UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Emmie Ross,                                                    Case No. 3:15-cv-00105

        Plaintiff

   v.                                                                    MEMORANDUM
                                                                                 OPINION & ORDER

Author Solutions, et al.,

        Defendants

      Plaintiff Emmie Ross filed suit on December 16, 2014, in the Common Pleas Court for Williams County, Ohio, alleging various state-law claims against Defendants Author Solutions d/b/a AuthorHouse, Buddy Dow, and Eugene Hopkins.[1] Ross asserts Defendants breached a contract the parties entered into to publish Ross's book and also wrongfully withheld royalties she was due from the book's sales. (Doc. No. 1-1). Defendants removed the case to this court on the basis of diversity jurisdiction on January 19, 2015. (Doc. No. 1). Defendants have filed a motion to dismiss Ross's complaint and to compel arbitration pursuant to the parties' contract. (Doc. No. 5). Ross opposes the motion to dismiss and moves to remand the case to state court. (Doc. No. 8). For the reasons stated below, Ross's motion is denied and Defendants' motion is granted.

      Ross contends Defendants' notice of removal was untimely because it was filed more than 30 days after she filed her complaint and was impermissible because she was entitled to a default judgment in state court after Defendants failed to file an answer to her complaint within 28 days.

---

[1] Defendants assert two of the defendants have been incorrectly named and the true names of the Defendants are AuthorHouse LLC, George Dow, and Eugene Hopkins.

(Doc. No. 8 at 31-40; Doc. No. 12-1 at 10-13).  I deny Ross's motion to remand because Defendants' notice of removal was timely filed.

Ross filed her complaint in state court on December 16, 2014, and summons was issued by certified mail on the same day.  (Doc. No. 7 at 3).  In order to remove the action, Defendants were required to file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).  Defendants were required to file an answer to the complaint within 28 days after service of the complaint.  (Doc. No. 1-1 at 1).

Service of the complaint was complete upon mailing.  OH. Civ. R. 5(B)(2)(c); *Hardy v. Square D Co.*, 199 F. Supp.2d 676, 680 (N.D. Ohio 2002).  In calculating the time period in which a party must perform an act it is required to perform – here, filing an answer or a notice of removal – "the day of the act . . . from which the designated period of time begins to run shall not be included."  OH. Civ. R. 6(A); *see also* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days . . . exclude the day of the event that triggers the period.").

Under Rule 6, the time periods for Defendants to act began to run on December 17, 2014, the day after service was complete.  Twenty-eight days after this date was January 14, 2015, while the notice of removal was due January 16, 2015.  When service is performed by mail, the civil rules add three days to the length of the prescribed period for the party to act.  OH. Civ. R. 6(D); Fed. R. Civ. P. 6(d).  This would make Defendants' answer due on January 17, 2015, and the notice of removal due on January 19, 2015.  Ordinarily, the time period to act expires at the end of the last day of the period.  OH. Civ. R. 6(A); Fed. R. Civ. P. 6(a)(1)(C).  The civil rules, however, do not permit a time period to end on a Saturday, a Sunday, or a legal holiday; instead the period ends at the end of the next day the court is open.  OH. Civ. R. 6(A); Fed. R. Civ. P. 6(a)(1)(C).  January 17, 2015, was a Saturday, January 18 was a Sunday, and January 19 was a federal holiday – Martin Luther King, Jr. Day.  Therefore, the deadline for Defendants to file both their answer and the notice of removal was

January 20, 2015.  By filing the notice of removal electronically with this court on January 19, 2015, Defendants complied with both the answer and the notice-of-removal deadlines.

Ross also contends she never agreed to arbitration with Defendants.  (Doc. No. 12-1 at 19). Ross, however, signed a "Payment Plan Agreement" which incorporated by reference "the Terms and Conditions."  (Doc. No. 1-1 at 18).  The Terms and Conditions contain a mandatory arbitration provision, requiring any dispute between the parties to be submitted to binding arbitration.  (Doc. No. 1-1 at 24).  A party to a contract is presumed to have read and understood the contents of the contract, including terms that are incorporated by reference.  *Haskins v. Prudential Ins. Co. of Am.*, 230 F.3d 231, 239-241 (6th Cir. 2000) (overruled on other grounds by *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003) (en banc)).  In *Haskins*, the court held the plaintiff was bound by the terms of the incorporated document even though his employer never provided the incorporated document to the plaintiff.  230 F.3d at 241.  Similarly, Ross is bound by the arbitration clause of the Terms and Conditions document because that document was expressly incorporated into the Payment Plan Agreement she signed.  The plain language of the agreement requires any dispute between the parties be submitted to arbitration, and therefore Defendants' motion to compel arbitration is granted.

When all claims in an action will be referred to arbitration, a district court may choose to dismiss the case rather than order a stay.  *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990)).  Therefore, I dismiss Ross's claims against Defendants without prejudice.

For these reasons, Defendants' motion to compel arbitration is granted.  Ross's motion to remand is denied, and Ross's claims against Defendants are dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge