UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Emmie Ross,                                  Case No. 3:15-cv-00105

        Plaintiff

    v.                                       MEMORANDUM
                                             OPINION & ORDER

Author Solutions, et al.,

        Defendants

## I. INTRODUCTION

On August 5, 2015, I dismissed the claims of Plaintiff Emmie Ross against Defendants Author Solutions, Buddy Dow, and Eugene Hopkins[1] without prejudice, and granted the Defendants' motion to compel arbitration. (Doc. No. 13). Ross has filed a motion for reconsideration. (Doc. No. 15). Ross's motion is denied.

## II. STANDARD

A party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion to vacate and reconsider, or to reverse a prior holding, may be treated as a Rule 59(e) motion to alter or amend the judgment. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). A motion to alter or amend a judgment may be granted if there is (1) a clear error of law, (2) newly-discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

---

[1] As I noted in my opinion granting the Defendants' motion, the Defendants assert Ross incorrectly named two defendants, and that the true names of the Defendants are AuthorHouse LLC, George Dow, and Eugene Hopkins.

A district court may relieve a party from a final judgment under Rule 60(b) for any of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993).

### III.     ANALYSIS

Ross argues I ruled incorrectly in granting the Defendants' motion to compel arbitration because the Defendants did not file an answer or their notice of removal before the deadline to do so expired, and because she never agreed to arbitration. (Doc. No. 15 at 6; Doc. No. 17). As I previously explained, the Defendants filed their notice of removal before the deadlines imposed by the Federal and Ohio Civil Rules, and the contract Ross signed called for any disputes between the parties to be submitted to arbitration. (Doc. No. 13 at 2-3). Ross fails to identify a clear error of law, newly-discovered evidence, intervening change in controlling law, or manifest injustice that would justify altering or amending my prior opinion and order. *GenCorp*, 178 F.3d at 834.

Ross also argues the Defendants submitted fraudulent documents in support of their motion. This argument fails because (1) she raised it in opposition to the Defendants' motion to compel arbitration and may not re-litigate it through a motion for reconsideration and (2) it has no factual basis, as the allegedly-fraudulent alterations are the addition of an exhibit notation and the CM/ECF electronic docketing information. Moreover, a Rule 60(b) motion that merely disagrees with a court's previous conclusion and raises essentially the same arguments presented in response to the dispositive motion fails to satisfy the exceptional or extraordinary circumstances required by Rule 60(b)(6). *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Her remaining arguments are baseless ad hominem attacks that impugn the integrity of the Court and defense counsel, and which do not provide a basis for granting her motion under either Rule 59(e) or Rule 60(b).

### IV. CONCLUSION

For the reasons stated above, Ross's motion for reconsideration, (Doc. No. 15), is denied.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge